**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| JAMES DAVID BLUE THUNDER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 14-1596 (EGS) |
| | : | |
| U.S. PAROLE COMMISSION, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's Motion to Dismiss. For the reasons discussed below, the motion will be granted.[1]

I. BACKGROUND

Plaintiff was convicted of murder in 1978 in the United States District Court for the District of North Dakota, sentenced to a life term of imprisonment, and released on parole in August 1995.[2] The United States Parole Commission ("Commission") issued a warrant on October 3, 1997 charging plaintiff with violations of two conditions of his parole. *See* Mem. of Law in Support of Mot. to Dismiss ("Def.'s Mem."), Attach. A (Revocation Hearing Summary) at 1, 4. A preliminary hearing took place on November 20, 1997, and on December 1, 1997, "the

---

[1] The Court will deny plaintiff's Motion to Supplement [ECF No. 26], Motion for Judgment on the Pleadings [ECF No. 27], Cross-Motion to Dismiss Defendant's Opposition to Plaintiff's Motion for Judgment on the Pleadings [ECF No. 29], Motion to Correct Record [ECF No. 30], Motion for Summary Judgment [ECF No. 31], and Motion for Expedited Docket [ECF No. 36].

[2] "James David Blue Thunder was convicted of first degree murder . . . for stabbing to death with a butcher knife one Theresa Sands Blue Thunder who once had been his wife. He was sentenced by the district court to life imprisonment." *United States v. Blue Thunder*, 604 F.2d 550, 552 (8th Cir.) (footnote omitted) (affirming convictions), *cert. denied*, 444 U.S. 902 (1979).

1

Commission found probable cause that [plaintiff] was in violation of his parole conditions." *Id*., Attach. A at 1.[3]

Plaintiff's revocation hearing began on January 14, 1998. *Id*., Attach. A at 1, 4. The hearing examiner made "findings . . . on Charge No. 1 – Fraud and Charge No. 2 – Violation of Special Condition" that he undergo mental health treatment. *Id*., Attach. A at 1. When it was determined that plaintiff had committed additional criminal conduct, the hearing was continued to June 3, 1998. *Id*., Attach. A at 1, 4-11.

At the June 3, 1998 hearing, several witnesses testified, and based on their testimony, the hearing examiner found that plaintiff had assaulted his ex-wife (Charge No. 4 -- (B) Assault), beat his two step-children (Charge No. 5 – Assault), sexually assaulted his step-daughter (Charge No. 6 – Sodomy or Unlawful Sexual Contact with a Minor), and had unlawful sexual contact with another child (Charge No. 7 – Unlawful Sexual Contact with a Minor). *See generally id*., Attach. A at 5-12. He recommended revocation of plaintiff's parole and a 15-year continuance of the matter, *id*., Attach. A at 14, and the Commission concurred, *id*., Attach. B (Notice of Action dated June 24, 1998) at 1-2. The Commission reconsidered the matter in December 2013, denied re-parole and, "continue[d plaintiff] to the expiration of [his] sentence." *Id*., Attach. C (Notice of Action dated January 23, 2014) at 1.

Plaintiff purports to bring this action against the Commission under the Administrative Procedures Act ("APA"), *see* 5 U.S.C. § 701 *et seq*. He contends that the Commission exceeded the scope of its rulemaking authority when it promulgated a regulation, 28 C.F.R. § 2.23, and its corresponding internal Rule 2.23. *See* Compl. at 2. Specifically, plaintiff posits that the

---

[3] The Commission supplemented its warrant on December 1, 1997 to reflect new criminal conduct (Charge No. 3 – Law Violation – Violation of [a] Restraining Order), but the hearing examiner made no finding on this charge. *See* Def.'s Mem., Attach. A at 1, 12.

2

Commission misinterpreted 18 U.S.C. § 4203(c)(2), *see* Compl. at 1, which in relevant part states:

> The Commission . . . *may* delegate to hearing examiners any powers necessary to conduct hearings and proceedings, *take sworn testimony*, obtain and make a record of pertinent information, make findings of probable cause and issue subpoenas for witnesses or evidence in parole revocation proceedings, and recommend disposition of any matters enumerated in subsection (b) of this section . . . .

18 U.S.C. § 4203(c)(2) (repealed) (emphasis added). When the Commission delegated authority to its hearing examiners, plaintiff asserts, it "intentionally edited Congress' listed factor 'take sworn testimony' at all of the [its] parole revocation proceedings from 18 U.S.C. § 4302(c)(2) and omitted the factor(s) from 28 C.F.R. § 2.23." Compl. at 2. In other words, he claims, the Commission violated the APA by failing to include a *requirement* in 28 C.F.R. § 2.23 that hearing examiners take sworn testimony. As a result, plaintiff asserts, the Commission "exceed[s] its jurisdiction by making independent determination[s] of new criminal conduct based upon unsworn testimony," which violates not only the APA but also plaintiff's substantive and procedural due process rights. *Id*.

Plaintiff demands an order enjoining the Commission from enforcing 28 C.F.R. § 2.23, Compl. at 2, 19, and a declaratory judgment which, among other things, deems "the parole revocations hearings . . . held on January 14, 1998 and June 3, 1998 as well as Blue Thunder's subsequent parole revocation . . . null and void, of no effect and not enforceable from the outset," *id*. at 19 (emphasis removed).

## II. DISCUSSION

### *A. Res Judicata Bars Plaintiff's Claims*

Defendant argues that the doctrine of res judicata bars plaintiff's "claim[] that the . . . Commission's failure to take testimony under oath at his 1998 revocation hearing[s] violated . . . his right to due process." Def.'s Mem. at 5.

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). It contains two components: claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion applies if there has been previous litigation "(1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Whether the facts of each lawsuit are similar enough to qualify as "the same cause of action turns on whether they share the same nucleus of facts." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (internal quotation marks and citation omitted). A party cannot escape application of the doctrine by raising a different legal theory or by seeking a different remedy in the new action that was available to him in the prior action. *See Apotex, Inc. v. FDA*, 393 F.3d 210, 218 (D.C. Cir. 2004).

Since 2001, plaintiff has filed four habeas actions. *See* Compl. at 7; *see generally Blue Thunder v. U.S. Parole Comm'n*, No. 5:13-cv-187, 2013 WL 6061824, at *2-*3 (E.D. Ky. Nov. 18, 2013) (describing habeas petitions filed in 2001, 2004, 2009 and 2013). The district court dismissed the first petition on the merits, concluding that the respondents (among which was the Commission) neither exceeded their jurisdiction with respect to the fraud charge, nor denied

4

plaintiff due process in revoking his parole. *See Blue Thunder*, 2013 WL 6061824, at *2 (citing *Blue Thunder v. Gallegos*, No. 01-WM-1965 (D. Colo. May 17, 2002) (unpublished order)). The court dismissed plaintiff's second habeas action "as an abuse of the writ pursuant to 28 U.S.C. § 2244(a), concluding that [plaintiff] had previously unsuccessfully raised the same issue concerning the revocation of his parole." *Id*. (citing *Blue Thunder v. U.S. Parole Comm'n*, 165 F. App'x 666 (10th Cir. 2006) (unpublished)). The court denied plaintiff's third habeas petition also as an abuse of the writ, and thus rejected plaintiff's claim, among others, that "the Commission decision to revoke his parole was arbitrary and capricious under the [APA]." *Id*. at *3; *see Blue Thunder v. Jett*, No. 09-2454 (D. Minn. Sept. 23, 2010) (order denying petition as successive and an abuse of the writ).

Relevant to this case is an APA claim raised in plaintiff's fourth habeas petition: "that the [Commission] violated his due process rights by exceeding the scope of its authority relating to the requirement that, pursuant to 18 U.S.C. § 4203(c)(2), it must 'take sworn testimony' in parole revocation proceedings . . . ." *Blue Thunder*, 2013 WL 6061824, at *3; *see id*. at *9. The court found the claim "clearly successive," as it "concerns his parole revocation hearings in 1998." *Id*. at *9. Plaintiff "could have raised this claim in his original habeas petition in 2001 or in one of his other two habeas petitions filed in 2004 and 2009[,]" and where a successive petition "raises a new claim that could have been raised previously, the abuse-of-the-writ doctrine applies." *Id*.

It is apparent that res judicata bars plaintiff's current APA claim. This action arises from the same nucleus of facts – plaintiff's 1998 parole revocation hearings – as plaintiff's four habeas actions. Courts of competent jurisdiction entertained plaintiff's prior challenges to the Commission's decision to revoke parole based on testimony presented at the 1998 hearings, and have ruled against plaintiff on the merits. Here, plaintiff pleads no new facts and is "simply

5

raising a new legal theory [which] is precisely what is barred by res judicata." *Apotex*, 393 F.3d at 218.

## B. A Hearing Examiner Is Not Required to Take Sworn Testimony

Even if res judicata did not bar plaintiff's APA claim, dismissal of the complaint still is warranted. First, the Court observes that the pertinent language of 18 U.S.C. § 4203(c)(2) is permissive. The Commission "*may* delegate to hearing examiners any powers necessary to conduct hearings . . . ." *Id*. (emphasis added). As defendant argues, if plaintiff's interpretation were to control, the Commission's authorization to delegate authority becomes "a directive controlling how parole revocation proceedings must be conducted," that is, requiring hearing examiners "to use those powers in a narrowly confined manner." Def.'s Mem. at 9. The Court concurs. The statute *authorizes* the Commission, but does not *require* the Commission, to delegate powers -- including the power to take sworn testimony -- to its hearing examiners. This provision cannot reasonably be understood to require that hearing examiners take sworn testimony in every case at every revocation hearing.

Moreover, there is no requirement that parole revocation hearing testimony be given under oath. A parole revocation hearing "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). "[T]he minimum requirements of due process" include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers

> or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 488-89. Nothing in the record of this case supports a finding that plaintiff did not receive all the process he was due.

Lastly, there no requirement that a hearing examiner make findings with respect to a parolee's law violation based on actual criminal charges. For example, a hearing examiner may determine that a parolee has engaged in "[n]ew criminal conduct . . . either by a new federal, state, or local conviction, *or by an independent finding . . . at [a] revocation hearing*." 28 C.F.R. § 2.21(a)(2) (emphasis added). He may determine that a parolee committed criminal conduct even after criminal charges have been dismissed, *see Villareal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993) ("[I]t is well established that the Parole Commission may consider evidence of parole violations even though such evidence was also considered by a criminal prosecuting authority that ultimately decided to dismiss criminal charges based on the same alleged conduct."), or overturned, *see Mack v. McCune*, 551 F.2d 251, 254 (10th Cir. 1977) (per curiam), or if the parolee was not tried on the underlying criminal charges at all, *see Campbell v. U.S. Parole Comm'n*, 704 F.2d 106, 110-11 (3d Cir. 1983).

### III. CONCLUSION

The Court concludes that plaintiff's complaint fails to state a claim upon which relief can be granted, and, accordingly, defendant's motion to dismiss will be granted. An Order is issued separately.

SIGNED:     EMMET G. SULLIVAN
                 United States District Judge

DATED:     September 28, 2015